Judge Bboqke.
The chancellor’s decree is perfectly 1 J correct; except that the bill should have been dismissed, *44 instead of merely reversing the decree of the comity court.
Judge Tucker.
John Codery, the elder, in 1752, made an entry in Lord Fairfax’s office for a tract of land in Frederick county, which was surveyed for him the same year? but, before he obtained a grant, he died, leaving a widow, and one son. The widow intermarried with one Boon ; and, with her son, an infant, removed with him to some remote part of the state. In 1772, she returned to Frederick, (being still married, and her son still an infant,) and, while there, entered into a bond to Covey and Crumpton, in the penalty of 20/. with condition as follows: “ That if the above bound Hannah. Boon (her husband George Boon not here present) doth come here in November, 1774, and give his bond that his wife, her son, John Codery, shall sign a clear deed, or whomever may be the heir of a certain plantation, containing, &c. or, upon failure, if the above bound Hannah Boon, or her heirs, or executors, shall pay to the obligees ten pounds, now paid to the said Hannah, with lawful interest from the date of the bond,” then the obligation to be void, &c. The obligees took, or, as it would seem, already had, possession of the land ? and the appellant, Heffner, derives his claim from them, as assignee of the above bond for valuable consideration. The bill states, that Codery, the son, came to this country in 1782, and, while there, agreed to ratify and confirm the sale of the land made by his mother, and received a further part of the purchase-money, agreed to be paid, and took a bond from' Covey and Crumpton for the residue ? (notwithstanding which, he afterwards sold to Askew, under whom Miller claims;) and charges Askew and Miller with notice, &c. Codery, in his answer, admits the bond of his mother ; but denies that any thing was paid to her, in consequence of the agreement ? believes a rifle gun was sent him ? but he understood it was as spipe *45 small consideration for the previous use of the land; that he went, when of age, into Berkeley county, and applied to Covey, and offered to ratify his mother’s contract, if the money was then paid him ; or he would take horses; but could not obtain payment in either mode, and, after waiting some time, sold to Askew.
Miller having obtained a grant, brought an ejectment for the land, and recovered. The county court enjoined the judgment. Upon an appeal to the court of chancery at Staunton, that decree was reversed.
One witness swears that Codery, on his return to Berkeley, made his house his home j that he said he was willing to confirm his mother’s sale, if the purchase-money was paid him: and afterwards informed him that Covey and Crumpton had paid him every farthing. This, I think, is the only witness who contradicts the answer of Codery; and the testimony of several others appears rather to strengthen than impugn it.
There certainly was no legal or moral obligation upon John Codery, the son, to give up his lands, (a tract of 330 acres,) in consequence of any thing that appears in this case. The bond of his mother, then a fcm,e covert, could not bind him, even as her heir, had she left him an estate in lands. The price (if the ten pounds she is said to have received were the price of the land) was very inadequate, and the alternative condition, to pay the money back, with interest, on failure to make a deed, would have left him an election, even if he had been bound (as heir to his mother) by the bond. It there-Sore formed no ground, or consideration, in law or equity, for his alleged confirmation of the bargain ; and as he positively denies in his answer (which is not disproved) having received any payment whatever from Covey and Crumpton, I think he was at full liberty to act as he did. Heffner was a purchaser with notice of the defect oí' title of those under whom he claims; having taken an assignment of the bond. I have, therefore, nó doubt that *46 the chancellor’s decree ought to be affirmed, so far as it goes. But I think he should have proceeded to dissolve the injunction, (which the county court had decreed to perpetual,) and the bill to be dismissed. With this amendment, I am of opinion that the decree be affirmed.
Judges Roane and Fleming concurred.
The following was entered as the opinion of the court: w That there is no error in the decree of the superio| court of chancery reversing the decree of the said county court with costs; therefore, it is decreed and ordered that the same be so far affirmed, and that the appellant pay to the appellees, being the parties substantially prevailing, their costs by them, &c. ; but this court is further of opinion that the said superior court of chancery erred in not dismissing the appellant’s bill; and, this court proceeding to make such decree as the said superior court of chancery ought to have pronounced, it is further decreed and ordered that the injunction, awarded the appellant, &c. be dissolved, and that his bill be dismissed.”